# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIKEL RAY HENDERSON, | ) |
| Petitioner, | ) |
| v. | ) No. CIV 15-080-FHS-KEW |
| JIM FARRIS, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss or transfer petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate incarcerated at Lexington Correctional Center in Lexington, Oklahoma, is challenging his conviction in Love County District Court Case No. 2006-27 for Possession of Pseudoephedrine with Intent to Manufacture a Controlled Dangerous Substance.

Petitioner alleges he was wrongfully denied the benefit of an intervening change in Oklahoma law that would exonerate him, specifically the Postconviction DNA Act, Okla. Stat. tit. 22, § 1373 (2013). He asserts DNA testing would prove his innocence by showing that DNA on the evidence presented at trial belonged to someone other than himself.

The record shows that on July 16, 2010, petitioner filed a habeas petition in this court in Case No. CIV-10-283-JHP-KEW, challenging the same conviction. The petition was denied on July 18, 2011, and the Tenth Circuit Court of Appeals denied a certificate of appealability and dismissed petitioner's appeal on January 9, 2012, in Case Nos. 11-7060 and 11-7067.

> When a second or successive § 2254 . . . claim is filed in the district court without the required authorization from [the circuit court of appeals], the district court may transfer the matter to [the circuit] court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted). It is, however, a waste of judicial resources to require the transfer of a frivolous, time-barred case. *Id.* (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)).

The respondent claimed in his motion (Dkt. 5) that the petition is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d)(1)-(2). Petitioner contested this allegation (Dkt. 9), and after further investigation, the respondent conceded that the petition was timely (Dkt. 13). The respondent now argues the petition should be dismissed as second and successive, or in the alternative, transferred to the Tenth Circuit Court of Appeals. Here, the court finds that because dismissal could result in an issue regarding the statute of limitations, the petition should be transferred to the Tenth Circuit Court of Appeals. *See Cline*, 531 F.3d 1249, 1252-53.

**ACCORDINGLY,** the respondent's motion to dismiss or transfer the petition (Dkt. 5) is GRANTED, and this action is TRANSFERRED to the Tenth Circuit Court of Appeals in the interest of justice pursuant to 28 U.S.C. § 1631.

So Ordered this 19th day of February, 2016.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma